## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **FUTUREX, L.P.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 5:15-cv-666** |
| | § | |
| **GLOBAL COMPUTER SUPPLIES, INC.,** | § | |
| **Defendant.** | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, FUTUREX, L.P., brings this action against Defendant, GLOBAL COMPUTER SUPPLIES, INC., and for cause of action would show the following:

### PARTIES

1.1     Plaintiff, FUTUREX, L.P. ("FUTUREX"), is a limited partnership formed in Texas with its principal place of business there.

1.2     Defendant, GLOBAL COMPUTER SUPPLIES, INC. ("GLOBAL"), is a for profit corporation formed in New York with its principal place of business in New Jersey. GLOBAL may be served through either its New York registered agent:  Corporation Service Company, 80 State Street, Albany, NY 12207, or through its New Jersey registered agent: Corporation Service Company, 830 Bear Tavern Road, West Trenton, NJ 08628.

### JURISDICTION & VENUE

2.1     Federal jurisdiction in this case is founded upon diversity in that this controversy is between parties of diverse citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. §1332(a).

2.2     Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this district.  28 U.S.C. §1391(e)(1)(B).

<u>FACTUAL ALLEGATIONS</u>

3.1     For over 30 years, FUTUREX has been a globally recognized name in providing high quality, reliable data encryption security solutions for financial networks, banks, transaction processors and retail customers.   More than 15,000 customers worldwide have used FUTUREX solutions to protect their highly sensitive data.   Data encryption security solutions is a highly competitive industry and FUTUREX has developed proprietary systems and solutions that utilize internally developed trade secrets and intellectual property to maintain its position as an industry leader.  FUTUREX utilizes computer hard drives in their data encryption security systems.  In November 2013, FUTUREX began sourcing hard drives from GLOBAL.  The hard drives were advertised as and represented by GLOBAL to be new hard drives that had not been previously used.   FUTUREX purchased hundreds of hard drives from GLOBAL during the time period at issue.

3.2     In early 2015, FUTUREX began experiencing an abnormally high rate of data encryption security system failures at customer sites around the world.  FUTUREX computer engineers began forensic analysis of these failures and determined that consistently, the source of each system failure was the hard drive sourced from GLOBAL.  Further forensic analysis led FUTUREX to discover that the failed hard drives were not new hard drives, but instead were actually refurbished hard drives.  In fact, FUTUREX computer engineers were able to determine that some of the refurbished hard drives had over 10,000 hours of prior use. Given the nature and intended use of the data encryption security solutions provided by FUTUREX, refurbished hard drives cannot be used.   FUTUREX has incurred and will

continue to incur substantial costs in replacing hard drives for their customers.  The damage to the company's reputation and goodwill is staggering.

<u>CAUSES OF ACTION</u>

4.1    FUTUREX alleges that GLOBAL has violated the Texas Deceptive Trade Practices Act ("DTPA").  More specifically, FUTUREX is a consumer as defined by the DTPA. GLOBAL has committed the following wrongful acts:

    a.    Causing confusion or misunderstanding about the source and certification of goods.  Tex. Bus. & Com. Code §17.46(b)(2).

    b.    Representing that goods have characteristics they do not have.  Tex. Bus. & Com. Code §17.46(b)(5).

    c.    Representing that goods are original or new when they are reconditioned. Tex. Bus. & Com. Code §17.46(b)(6).

    d.    Representing that goods are of a particular standard or quality when they are not.  Tex. Bus. & Com. Code §17.46(b)(7).

    e.    Failing to disclose information about goods that was known at the time of the transaction when the failure to disclose was intended to induce the purchase and the consumer would not have entered into the transaction if the information had been disclosed.  Tex. Bus. & Com. Code §17.46(b)(24).

    f.    Breaching express and implied warranties.   Tex. Bus. & Com. Code §17.50(a)(2).

    g.    Engaging in an unconscionable action or course of action.  Tex. Bus. & Com. Code §17.50(a)(3).

FUTUREX relied on GLOBAL's false, misleading, and deceptive acts or practices to its own detriment.  GLOBAL's action was a producing cause of FUTUREX' damages.

4.2    FUTUREX alleges that GLOBAL has engaged in fraud.   More specifically, GLOBAL represented that the hard drives in question were new and had not been previously used.  That representation was material and false.  When GLOBAL made the representation, it knew the representation was false or it made the representation recklessly, as a positive

assertion, without knowledge of its truth.  GLOBAL intended for FUTUREX to rely on the representation in purchasing the hard drives.  FUTUREX did rely on the representation and it caused substantial damages.  Alternatively, GLOBAL engaged in fraud by nondisclosure. More specifically, GLOBAL concealed from or failed to disclose to FUTUREX that its hard drives were refurbished.  GLOBAL had a duty to disclose this fact to FUTUREX, as this fact was material.  GLOBAL knew that FUTUREX would not know the hard drives were refurbished and that FUTUREX did not have an equal opportunity to discover this fact. GLOBAL was deliberately silent when it had a duty to speak.  By failing to disclose that the hard drives were refurbished, GLOBAL intended to induce FUTUREX into purchasing the hard drives.  FUTUREX relied upon GLOBAL's nondisclosure and suffered damages as a result of entering into the transaction without the knowledge that the hard drives were refurbished.

4.3    FUTUREX alleges that GLOBAL's conduct constitutes a breach of warranty.  More specifically, GLOBAL has breached the following warranties:

     a.    Implied warranty of merchantability in the sale of goods.  Tex. Bus. & Com. Code §2.314.

     b.    Implied warranty of fitness for a particular purpose in the sale of goods.  Tex. Bus. & Com. Code §2.315.

FUTUREX has suffered damages as a result of GLOBAL's breach of warranty.

DAMAGES

5.1    As a result of GLOBAL's conduct, FUTUREX has suffered significant damages, including the following:

     a.    Economic damages, including but not limited to out-of-pocket damages, lost profits, costs of mitigation, lost time, and loss of business goodwill and reputation.

b.    Additional damages of up to three times the amount of economic damages because GLOBAL knowingly or intentional violated the DTPA.  Tex. Bus. & Com. Code §17.50(b)(1).

c.    Exemplary damages.

d.    Reasonable and necessary attorney's fees.

PRAYER

PREMISES CONSIDERED, Plaintiffs prays that this Court award Plaintiff the damages claimed, exemplary damages, attorney's fees, prejudgment interest, post-judgment interest, court costs, and such further relief, both special and general, legal and equitable, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

By:    _____
       Scot Tyler Scheuerman
       State Bar No. 00791610

**SCHEUERMAN LAW FIRM, PLLC**
322 West Woodlawn Ave.
San Antonio, Texas 78212
(210) 735-2233
(210) 735-2235 – facsimile
tyler@sch-lawfirm.com

**ATTORNEYS FOR PLAINTIFF,
FUTUREX, L.P.**