UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FUTUREX, L.P., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| VS. | ) | Civil Action No:  SA-15-CA-666-XR |
| | ) | |
| GLOBAL COMPUTER SUPPLIES, INC., | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

**ORDER**

On this date, the Court considered its jurisdiction over this case.  This Court has a duty to examine its subject matter jurisdiction, and must do so *sua sponte* when necessary.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Plaintiff Futurex, L.P. brings this action against Defendant Global Computer Supplies, Inc., asserting diversity jurisdiction under 28 U.S.C. § 1332.  For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir.1988).  The party asserting federal jurisdiction must "distinctly and affirmatively allege" the citizenship of the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

According to the Complaint, Defendant Global Computer Supplies, Inc. is a corporation formed in New York with its principal place of business in New Jersey. Further, the Complaint alleges that Plaintiff is a limited partnership formed in Texas with its principal place of business there, but it fails to completely allege Plaintiff's citizenship.  The citizenship of a limited partnership depends on the citizenship of each of its partners. *Carden v. Arkoma Associates*, 494 U.S. 185

1

(1990); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  If the partners are themselves partnerships, LLCs, or corporations, their citizenship must be alleged in accordance with the rules of that entity, and the citizenship must be traced through however many layers of members or partners there may be.  *Muslow Land & Timber, Inc v. Chesapeake Exploration Ltd. Partnership*, 2009 WL 367729 (W.D. La. Feb. 11, 2009).  General allegations that all members or partners are of diverse citizenship from the parties on the other side, without factual specificity, is not sufficient. *Mullins v. Testamerica, Inc.*, 300 F. App'x 259 (5th Cir. 2008).

Plaintiff has not alleged the citizenship of its partners and has therefore failed to affirmatively demonstrate that the parties are diverse.  Plaintiff is therefore directed to file amended pleadings that demonstrate the existence of diversity jurisdiction no later than **August 27, 2015**. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

It is so ORDERED.

SIGNED this 13th day of August, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE